# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SHERMAINE LAY-STYLES, | CASE NO. 20cv864-LAB (MDD) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| REAL TIME RESOLUTIONS, INC., et al., | |
| Defendant. | |

On May 7, 2020, Plaintiff Shermaine Lay-Styles brought this action to enjoin the impending foreclosure of a property in Oceanside, CA.  Because the parties are not diverse and because the case does not present a federal question, the Court must **DISMISS** the action for lack of subject matter jurisdiction.

To pursue a claim in federal court, a plaintiff must establish either federal question jurisdiction or diversity jurisdiction.  See 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).  Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship.  28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Federal courts have federal question jurisdiction only when the basis for jurisdiction appears on the face of a well-pleaded

complaint. *Bell v. Hood,* 327 U.S. 678, 680–82 (1946). The complaint must establish either that a federal statute creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983).

Federal question jurisdiction is plainly lacking here. The substantive causes of action Plaintiff alleges in her Complaint are Breach of Contract, Quiet Title, and Accounting, all of which are quintessential state-law causes of action. The only mention of federal law in the Complaint is a passing reference to H.R. 748, an emergency bill passed by Congress to alter rules for federally backed mortgages in light of the coronavirus pandemic. Nothing in that bill creates a private right of action, and Plaintiff's success in this action does not turn on the interpretation of a "substantial question of federal law." *Id.* The Court therefore lacks federal question jurisdiction over this action.

There is likewise no diversity jurisdiction because at least one of the Defendants is a California citizen. According to public records, Defendant Prober & Raphael ALC, is a California corporation with its principal place of business in Woodland Hills, California. *See* California Secretary of State, Entity No. C1313604.[1] Because Plaintiff is also a citizen of California, complete diversity is lacking. It is irrelevant that Prober & Raphael was sued in its capacity as trustee, as the Ninth Circuit has made clear that "[a] trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229 (9th Cir. 2019) (reaffirming the *Johnson* rule for "traditional trusts").

In short, because Plaintiff's Complaint does not allege a basis for this Court to exercise either diversity or federal question jurisdiction, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's Motion for a Temporary

---

[1] The Court may take judicial notice of records found on the California Secretary of State's website. *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011).

Restraining Order, (Dkt. 3), is **DENIED WITHOUT PREJUDICE AS MOOT**. The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 11, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge